(Reap. Dec. 8517)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

Entry No. W–09605.

(Decided January 12, 1956)

*Siegel, Mandell & Davidson* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeal to Reappraisement enumerated above at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the entered unit values less the additions made under duress covering non-dutiable charges of items on the invoices for inland freight, insurance premium, storage, hauling and lighterage, etc.

IT IS FURTHER STIPULATED AND AGREED that there was no higher domestic value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeal to Reappraisement enumerated above may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the entered unit values, less the additions made under duress covering nondutiable charges of items on the invoices for inland freight, insurance premium, storage, hauling and lighterage,. etc.

Judgment will be entered accordingly.